NEW-YORK,<br>May, 1830.<br><br>Rider<br>v.<br>Hubbell.

## RIDER vs. HUBBELL and others.

A defendant entitled to *double* costs on a verdict for him, or the plaintiff's becoming nonsuit, or suffering a discontinuance, is *not* entitled to such costs on interlocutory motions and rules.

QUESTION of costs. The defendants were sued in an action for false imprisonment in arresting the plaintiff on a warrant issued on a criminal charge. The defendants justified, one as the officer making the arrest, and the others as aiding and assisting in the same. A judgment as in case of nonsuit was obtained by the defendants which was set aside on payment of costs, and now a motion was made to put in and file new or amended replications to the pleas of the defendants, which motion was granted also on payment of costs; a question was submitted, whether the defendants were entitled to *double* costs under the statute, the officer having been sued for acts done in execution of the duties of his office and the others for acting in aid of him, or only to *single* costs; and it was said

*By the Court*, that the defendants were entitled to but *single* costs; that *double costs* in cases of this kind were not allowed on interlocutory proceedings; they being given by the statute, (1 *R. L.* 155,) only in cases of a *verdict* for the defendant, or of the plaintiff's *becoming nonsuit*, or suffering a *discontinuance*. The statute does not extend to giving double costs to a defendant even on a judgment in his favor on demurrer. (5 *Johns R.* 182. 9 *id.* 254.) And costs on a motion for judgment as in case of nonsuit, in a case of this kind have been adjudged to be only *single*. (3 *Johns. R.* 443.)